IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILLIAM D. BROWN, AS RECEIVER FOR AMERIFIRST FUNDING, INC., et al., § § § § Plaintiff-counterdefendant, § § VS. § § COOLEY ENTERPRISES, INC., § a/k/a CLAY COOLEY MOTORCARS, § INC., a/k/a CLAY COOLEY § MOTOR CO., INC., § § Defendant-counterplaintiff. § | Civil Action No. 3:11-CV-0124-D |

MEMORANDUM OPINION
AND ORDER

The instant motion to dismiss under Fed. R. Civ. P. 12(b)(6) presents the question whether defendant-counterplaintiff has stated a counterclaim for an accounting on which relief can be granted. Concluding that it has not, the court grants the motion and dismisses the counterclaim, with the right to replead.

I

This is a suit by plaintiff-counterdefendant William D. Brown ("Brown"), as Receiver for AmeriFirst Funding, Inc., et al., against defendant-counterplaintiff Cooley Enterprises, Inc., a/k/a Clay Cooley Motorcars, a/k/a Clay Cooley Motor Co., Inc. ("Cooley"). It arises out of a series of transactions between Cooley and American Eagle Acceptance Corporation ("AEAC"), a subsidiary of AmeriFirst Funding, Inc. ("AmeriFirst"). AEAC

purchased car note receivables from Cooley in 2007, paying about $5.68 million. Cooley agreed that, on demand, it would repurchase certain receivables. AEAC alleges that it made at least two such demands but that Cooley did not repurchase any receivables. Brown sues Cooley on various claims. Cooley alleges, *inter alia*, a counterclaim for an accounting, alleging that the parties' accounts are in substantial dispute.

Brown moves to dismiss the accounting counterclaim under Rule 12(b)(6), contending that Cooley is not entitled to this relief for these reasons: first, Cooley has not alleged that the accounts in issue are sufficiently complex to render legal remedies inadequate; second, Cooley has not explained why it will not be able to learn information about AEAC and AmeriFirst's records through the discovery process; and, third, Cooley has not alleged and cannot establish that AEAC or AmeriFirst owed it a contractual or fiduciary duty entitling it to an accounting.

Cooley opposes the motion, arguing that, although an accounting is an equitable remedy, it is available when the accounts in issue are so complex that a legal remedy is inadequate. Cooley maintains that it has pleaded facts showing that the accounts in issue are complex enough to merit an accounting; because of this complexity, it will be unable to respond to Brown's allegations using only the tools of discovery; it has already encountered difficulties obtaining complete and accurate records of

the parties' accounts, and it would be impossible for a jury to understand the accounts in issue without an accounting; and its accounting counterclaim is not subject to Rule 12(b)(6) dismissal because an accounting is an equitable remedy and the counterclaim presents questions of fact.

II

Applying the usual Rule 12(b)(6) standards,[1] the court concludes that Brown is entitled to dismissal of the accounting counterclaim.

"An action for accounting may be a suit in equity, or it may be a particular remedy sought in conjunction with another cause of action." *Michael v. Dyke,* 41 S.W.3d 746, 754 (Tex. App. 2001, no pet.), *abrogated on other grounds as recognized by Buck v. Palmer*,

---

[1] In deciding a motion to dismiss filed under Rule 12(b)(6), "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). To survive the motion, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Aschroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.; see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1950 (quoting Rule 8(a)(2))(alteration omitted).

2010 WL 5167704, at *12 (Tex. App. 2010, pet. filed) (mem. op.) (citations omitted). Cooley seeks an accounting by way of counterclaim rather than as a remedy.[2] Granting an accounting is within the discretion of the trial court. *Sw. Livestock & Trucking Co. v. Dooley*, 884 S.W.2d 805, 809 (Tex. App. 1994, writ denied). An equitable accounting is proper when the facts and accounts in issue are so complex that adequate relief cannot be obtained at law. *Hutchings v. Chevron USA, Inc.,* 862 S.W.2d 752, 762 (Tex. App. 1993, writ denied). "When a party can obtain adequate relief at law through the use of standard discovery procedures, such as requests for production and interrogatories, a trial court does not err in not ordering an accounting." *T.F.W. Mgmt., Inc. v. Westwood Shores Prop. Owners Ass'n,* 79 S.W.3d 712, 717-18 (Tex. App. 2002, pet. denied). To be entitled to an accounting, a party usually must have a contractual or fiduciary relationship with the one from whom the party seeks the accounting. *See id*. at 717 (citing *Hunt Oil Co. v. Moore,* 656 S.W.2d 634, 642 (Tex. App. 1983, writ ref'd n.r.e.)).

Brown has shown that he is entitled to dismissal of Cooley's accounting counterclaim. First, Cooley's assertions that it cannot obtain the information necessary to respond to Brown's allegations through the discovery process are not plausible as pleaded. Cooley

---

[2] Because Cooley asserts a counterclaim for an accounting, the court need not consider its argument that an accounting, as a remedy, is not properly the subject of a motion to dismiss.

alleges that "the accounts of the parties to this action are in substantial dispute," and that Cooley is therefore entitled to an accounting detailing AEAC's efforts to purchase, verify, and collect payment for the disputed receivables. In its response, Cooley argues that the accounts in issue are complex enough to merit an accounting because they relate to three separate purchase agreements, total more than $5 million, and transfer more than 600 individual receivables. It contends that it cannot adequately respond to Brown's allegations without an accounting.

But Cooley's allegations that it cannot obtain this information about the disputed accounts using ordinary discovery tools are bare assertions, and, as such, they are not plausible. Cooley does not allege that further discovery concerning the parties' accounts is unavailable, or that such discovery would not clarify the accounts in issue, despite their complexity. Nor has Cooley alleged that Brown, as Receiver for AEAC, has resisted Cooley's requests for discovery. *Cf. T.F.W. Mgmt.,* 79 S.W.3d at 718 n.5 (acknowledging party's refusal to respond to discovery requests, but nevertheless denying accounting due to breadth of discovery requests). Because Cooley has not plausibly alleged that it is unable to obtain adequate relief at law through the use of standard discovery procedures, the court concludes it has not stated a plausible counterclaim for an accounting. *See Steele v. Green Tree Servicing, LLC,* 2010 WL 3565415, at *8 (N.D. Tex. Sept.

7, 2010) (Fitzwater, C.J.) (denying accounting as remedy at summary judgment because record lacked evidence that discovery tools were insufficient to clarify disputed accounts), *appeal docketed*, No. 11-10103 (5th Cir. Jan. 31, 2011); *T.F.W. Mgmt.*, 79 S.W.3d at 717-18.

Moreover, Cooley has not alleged that it has a contractual or fiduciary relationship with AEAC that entitles it to an accounting. Cooley has not pleaded that any of the purchase agreements in issue contains a term requiring AEAC to provide an accounting. Nor has it asserted that the contract contains an implied term obligating AEAC to provide an accounting. *See id.* at 719. Cooley similarly has failed to plead that its relationship with AEAC creates a fiduciary obligation requiring it to provide an accounting. *See id.* at 717, 720. The court accordingly concludes that Cooley has not stated a plausible claim for an accounting, and dismisses Cooley's accounting counterclaim.

III

The court grants Cooley leave to replead its accounting counterclaim. *See, e.g., In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) ("[D]istrict courts often afford [parties] at least one opportunity to cure pleading deficiencies . . ., unless it is clear that the defects are incurable or the [parties] advise the court that they are unwilling or unable to amend in a manner that will avoid

dismissal." (internal quotation marks and citation omitted)). Because there is no indication that Cooley cannot, or is unwilling to, cure the defects that the court has identified, the court grants Cooley 30 days from the date this memorandum opinion and order is filed to file an amended answer. If Cooley fails to amend, the court will assume that Cooley will not seek an accounting or will pursue an accounting as a remedy rather than by way of counterclaim.

\*   \*   \*

For the reasons explained, the court grants Brown's April 7, 2011 motion to dismiss Cooley's counterclaim for an accounting.

**SO ORDERED.**

June 7, 2011.

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　SIDNEY A. FITZWATER
　　　　　　　　　　　　　　　CHIEF JUDGE